UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERARDO FIGUEROA

                                  Plaintiff,

       v.                                                     3:11-CV-83

TRI-CITY HIGHWAY PRODUCTS,
INC., MARTIN GALASSO, as Owner
of Tri-City Highway Products, Inc.,
IVAN SEARS, BUTCH BLACK,
and WARREN HOGDON,
                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    FACTS**

      Plaintiff Gerardo Figueroa commenced the instant action pursuant to 42 U.S.C. § 1981 and §1988, Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the New York Executive Law § 296 claiming unlawful discrimination by Defendants. Presently, before the court is Defendants' Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6).

      In March 2006, Defendant hired Plaintiff as a truck driver. Plaintiff alleges that during his employment he was subjected to repeated racial comments, compelled to take lower wages and tasked with menial jobs because of his Hispanic decent. He also alleges that his employment was not extended in 2008 after a seasonal layoff retaliation for filling an employment discrimination claim with the New York State Division of Human Rights in 2007.

In 2007 and 2008, Plaintiff filed claims of employment discrimination with the New York State Division of Human Rights. Those claims were dismissed by Final Order of the Commissioner of the Division of Human Rights on August 20, 2010. On March 1, 2011, Plaintiff filed a claim with the Division of Human Rights alleging that Defendants violated a federal requirement to keep his job records and produce them upon request from his potential employers. That claim is still pending.

Presently, before the Court is Defendants' motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff elected his remedy under the Human Rights law by pursuing his claims before the Division of Human Rights, the individual Defendants may not be held personally liable under Title VII, and Plaintiff's claim under 42 U.S.C. § 1981 is untimely.

## II.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S.Ct. at 1949. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

### III.     DISCUSSION

#### a.     Election of Remedies

Defendants move to dismiss the claims under the New York Human Rights law on the grounds that Plaintiff elected to pursue a remedy before the Division of Human Rights. Under the Human Rights Law:

> [O]nce a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is generally barred (Executive Law § 297[9] ). Executive Law § 297 subd. 9 provides a civil cause of action for discriminatory practice, unless an administrative complaint has already been filed and has not been dismissed for "administrative convenience." These remedies are intended to be mutually exclusive. Once a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and

subsequent judicial action on the same complaint is generally barred, except in the one instance where dismissal is for "administrative convenience."

Moodie v. Fed. Reserve Bank of New York, 58 F.3d 879, 883-84 (2d Cir. 1995).

Here, Plaintiff filed a complaint with the Division of Human Rights with the same allegations as alleged in his complaint. There is no evidence in his records that the claim was dismissed for administrative convenience. Thus, Plaintiff elected his remedy under the Human Rights Law. In fact, in his opposition papers, Plaintiff concedes that his state law claims are precluded under § 297(9). Therefore, Plaintiff's state claims must be dismissed.

On March 1, 2011, Plaintiff filed an administrative complaint with the Division of Human Rights alleging that Defendants "constantly refused to comply with a federal requirement that certain truck driver records be kept on file and any requests for said records be made available to prospective employers." This issue is not ripe because the Division of Human Rights is still reviewing the claim.

### b.      Individual Liability

Defendants move to dismiss the claim under Title VII of the Federal Civil Rights Act of 1964 on the grounds that the individual defendants may not be held personally liable. "[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004)(quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)).

Here, Plaintiff sues Defendants Gallasso, Sear and Hogdon in their individual capacities. Because there is no personal liability under Title VII, the claims against the individual Defendants must be dismissed.

      c.      **Statute of Limitations**

Defendants move to dismiss the claim under 42 U.S.C. § 1981 on the ground that is bared by the three year statute of limitation. "The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004).

Here, Plaintiff alleged that racial comments were made during his employment in 2006. Since the action was commenced by filing of a Summons and Complaint with the Court on January 25, 2011, Plaintiff's §1981 claim can only rely on actions that took place on or after January 5, 2008. At that time Plaintiff was no longer employed by Defendants.

Therefore, Plaintiff's claim under 42 U.S.C. § 1981 is untimely and must be dismissed.

## IV.    CONCLUSION

For the forgoing reasons, Defendants' motions to dismiss is granted, and the claims pursuant to the New York Executive Law § 296 and 42 U.S.C. § 1981 are dismissed. The Title VII claim is dismissed as to the individual Defendants.

IT IS SO ORDERED.

Dated: October 17, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge